UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IRA HEASTON,

                                  Plaintiff,

-against-

BORRIS INC., R.K.H.L. INC., GMA ENTERPRISES,
SALMIN BLAKE, "JANE" BLAKE,
THE CITY OF NEW YORK,
NYPD P.O. JOHN AND JANE DOE 1-2,

                                  Defendants.

-----------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

Jury Trial
19 CV 5569 (PKC) (VMS)

       Plaintiff IRA HEASTON by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

    2.    The action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the First, Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367. Plaintiff has complied with conditions precedent to file suit on his state law claims.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant times a resident of the County of Queens, City and State of New York. Plaintiff, his wife, daughter and son are African-American.

7. Defendants Borris Inc., RKHL, Inc., GMA Enterprise, "Salim Blake" and "Jane Blake" ("Private Defendants") are upon information and belief are New York corporations or otherwise residents of the State of New York.

8. Upon information and belief, the foregoing Private Defendants reside in or are based out of 8421 Chapin Parkway, Queens, New York 11432 and otherwise have a corporate address at 121-18 Liberty Ave, 2nd floor, South Richmond Hill, New York, and 130 Audley Street, Kew Gardens, New York 11418.

9. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New

York. The NYPD P.O. John and Jane Does 1-3 are officers who acted under the color of state law and are sued in their individual capacities. These defendants are hereinafter referred to as "Public Defendants."

## FACTS

10. Plaintiff entered into a lease with the Private Defendants to rent a second-floor apartment at 8421 Chapin Parkway, Queens, New York ("subject premises").

11. The lease was to commence on January 15, 2019 and run through January 15, 2021, a term of two years.

12. Plaintiff made the duly required payments of security deposits and paid their monthly rents.

13. On April 4, 2019, at approximately 7:30 p.m., plaintiff, his wife, 7 year-old daughter and 3 year-old son were locked out of the subject premises after the Private Defendants changed the locks. This was the second such incident. Private Defendants previously allowed plaintiff and his family access after locking them out the first time.

14. Following this second illegal lock-out, plaintiff sought the intervention of the New York City Court ("NYC Court") because he had a wife and two minor children who were once again inconvenienced by the illegal conduct and lockout by the Private Defendants.

15. After a hearing on or about April 9, 2019, the NYC Court issued an Order directing that plaintiff and his family be allowed to regain possession of the subject

premises and directed the NYPD to assist plaintiff and restore their rights within the subject premises.

16. On April 26, 2019, at approximately 2 p.m., plaintiff and his family were once again locked out illegally by the Private Defendants.

17. Plaintiff called the Public Defendants at the 107th precinct and requested assistance because his family was experiencing the same type of harassment and now the family's property inside the subject premises was missing.

18. When the Public Defendants arrived on the scene, plaintiff and his family were present at the subject premises.

19. Plaintiff informed the Public Defendants about the history between him and the Private Defendants about the subject premises and also showed the Public Defendants a copy of the NYC Court's Order about directing the NYPD to assist plaintiff and his family to gain access to the subject premises.

20. Astonishingly, the Public Defendants arrested plaintiff and ignored his pleas to look at the facts, the lease and the NYC Court's Order.

21. Plaintiff was arrested and taken to the 107th precinct where he was booked like a criminal and had his mugshot and finger-prints taken and arrest processed.

22. Plaintiff was then transported to Central Booking and then released after approximately 20 hours in Public Defendants' custody.

23. All charges against the plaintiff were dismissed.

24. Afraid to have to go through these traumatic experiences, plaintiff and his family refused to go back to the subject premises.

## AS AND FOR A FIRST CAUSE OF ACTION
(Violation of Section 1981)

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26. Plaintiff and his family are African-American.

27. Plaintiff is a minority and a member of the protected class.

28. Under the law, plaintiff is entitled to enjoy the equal benefits of the law which includes but not limited to enter into contracts and agreements without the fear of discrimination or adverse actions relating to entering into and enforcing such contracts.

29. Plaintiff entered into a contract with the Private Defendants to rent the subject premises.

30. The Private Defendants discriminated against plaintiff by interfering with those rights.

31. In less than four months, the Private Defendants engaged in illegal lockout and acted unlawfully against plaintiff and his family and denied them the full and equal benefits and equal protection under the laws and depriving them of their personal property.

32. As a result of the Private Defendants' conduct, plaintiff and his family's rights were violated under 42 U.S.C. 1981 and they suffered injuries.

## AS AND FOR THE SECOND CAUSE OF ACTION
(Unlawful Seizure/False Arrest/Unlawful imprisonment and Malicious Prosecution)

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

34. On April 26, 2019, Public Defendants arrested plaintiff without probable cause.

35. Plaintiff was aware of his confinement and the confinement was neither justified nor privileged.

36. Plaintiff was unlawfully seized and apprehended without his consent.

37. Plaintiff had his arrest processed and spent more than 20 hours in custody of the Public Defendants.

38. Public Defendants drafted a criminal court complaint which contained false charges and facts.

39. Public Defendants forwarded the criminal court complaint to the District Attorney's Office knowing that the DA's office would initiate prosecution against plaintiff.

40. Public Defendants were aware that there was no probable cause to seize plaintiff let alone initiate criminal proceedings against him. Therefore, they acted with malice.

41. In addition, Public Defendants failed to make an attempt to retract the false charges based on fabricated facts and this inevitably led to the continued prosecution of plaintiff. Their actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff, failed to drop them, or inform the District Attorney's office of the falsity of the charges and instead pursued the charges

knowing full well that the charges were not only false but trumped up, and fabricated by them.

42. As a result of the aforementioned conduct of the Public Defendant Plaintiff's constitutional right to be free from unlawful seizure, assault, false arrest/imprisonment and malicious prosecution were violated and plaintiff and his family suffered injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Denial of Right to Fair Trial)

43. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

44. Public Defendants falsely arrested plaintiff on April 26, 2019 when plaintiff called them to report illegal conduct towards him and report that he was a victim of harassment.

45. Public Defendants knew that plaintiff had not committed the crimes for the but yet fabricated charges against him based on false evidence. The false fabricated charge denied plaintiff the right to a fair trial or a hearing at the arraignment and during repeated court appearances. Plaintiff was forced to appear in Court because of the false charges and his failure to appear would have resulted in a warrant issued for his arrest.

46. As a result of Public Defendant's conduct, plaintiff was deprived of procedural and substantive due process rights and he suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

47. Plaintiff repeats, reiterates and realleges each and every allegation

contained in the foregoing paragraphs as if fully set forth herein.

48. As a result of the foregoing, Plaintiff was subjected to malicious abuse of process by the defendants which led to him to being dragged, arrested and out of his lawful residence and in so doing caused plaintiff harm without any excuse or justification.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50. The aforementioned conduct was committed by Defendants while acting within the scope and furtherance of their employment by Defendant City and individually as Private Defendants.

51. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency, was intentional and for the sole purpose of causing severe emotional distress to Plaintiffs and shocks the judicial conscience.

52. As a result of the aforementioned conduct, Plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

53. As a result of these actions, Plaintiffs suffered injuries.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. Upon information and belief, Defendant City failed to use reasonable care

in the screening, hiring and retention of the aforesaid individual NYPD Defendants who conducted and participated in the violation of Plaintiffs' rights.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57. Plaintiffs' physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of both the Private and the Public Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

58. As a result, plaintiffs suffered injuries.

### AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
October 10, 2019

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: *[signature]*
Vik Pawar, Esq. (VP9101)
*Attorney for Plaintiff*