

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**RAJU SUNDARAN**
Senior Counsel
Phone: (212) 356-2327
Fax: (212) 356-3509
rsundara@law.nyc.gov

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

October 28, 2019

**BY ECF**
Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Ira Heaston v. City of New York, et al.
     19-CV-5569 (PKC)(VMS)

Your Honor:

  I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to represent defendant City of New York ("City") in the above-referenced matter.[1] Defendant City writes to respectfully request (1) a 60-day enlargement of time to answer or otherwise respond to plaintiff's Complaint from the original due date of its answer or response of November 6, 2019 until January 6, 2020 and (2) that the Court compel plaintiff to provide the Office of the Corporation Counsel a properly executed § 160.50 release to allow access the plaintiff's underlying police and prosecution records. Plaintiff's counsel has refused to consent to either request. Notwithstanding Your Honor's Individual Practices and Rules[2], plaintiff's counsel has bewilderingly cautioned defense counsel Ms. Shin, in an email dated October 24, 2019, to not reveal his position in this letter but instead state that he will oppose defendant's request in a separate writing.

---

[1] The undersigned will be assisted in this matter by Assistant Corporation Counsel Soo-Young Shin, who is not yet admitted to practice in the Eastern District of New York. Assistant Corporation Counsel Soo-Young Shin may be reached at 212-356-2329 or soshin@law.nyc.gov.

[2] Judge Pamela K. Chen Individual Practices and Rules - 1G(iv): Requests for Enlargements of Time, which states, in pertinent part, that all requests for adjournments or enlargements of time must be in writing and state whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.

## A. Background

Plaintiff alleges that on April 26, 2019, while he and his family were present at his former place of residence after being illegally locked, only plaintiff - not his family - was falsely arrested, brought to the 107th Precinct for arrest processing, transported to Central Booking and held for approximately 20 hours in police custody until his release, and subsequently all criminal charges against plaintiff were "dismissed." See Dkt. No. 7, Amended Complaint ¶¶ 16-23. Plaintiff brings claims against defendant City and John and Jane Doe police officers under Section 1983 for false arrest (id. ¶¶ 34-37); malicious prosecution (id. ¶¶ 34-37); denial of right to a fair trial (id. ¶ 45); and state law claims against the defendant City of malicious abuse of process (id. ¶ 48); intentional and negligent infliction of emotional distress (id. ¶ 51); negligent screening, hiring, and retention (id. ¶ 55); negligence (id. ¶ 57); and under the doctrine of *respondeat superior* (id. ¶ 60).

## B. Enlargement of Time

The original due date for the City to answer is November 6, 2019, and the City is requesting a 60-day enlargement of time to answer or otherwise respond to plaintiff's Complaint (or until January 6, 2019). This is the City's first request for an enlargement of time to respond and no other dates will be affected by this request. This request for the enlargement of time is made without the consent of plaintiff's counsel, Vik Pawar. He has indicated that he will write separately to the Court regarding his position and does not want defense counsel to state his position contrary to Your Honor's Individual Practices and Rules. To spare the Court any further suspense regarding plaintiff's counsel's position, he has stated to Ms. Shin that he will only consent to an enlargement of time of 60-days from the date of service on defendant City (or until December 16, 2019) and that he will not provide a properly executed § 160.50 release to allow access to plaintiff's underlying arrest and criminal prosecution records unless defense counsel shares any of the underlying records with him pre-answer and pre-discovery.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, the undersigned needs time to investigate the allegations set forth in plaintiff's Complaint and, in order to do so, the undersigned first needs plaintiff's underlying arrest and criminal prosecution records. It is our understanding that plaintiff's underlying police and prosecution records have been sealed pursuant to New York Criminal Procedure Law § 160.50 following the dismissal of his criminal charges. See Fleurimond v. Holder, No. 16-cv-750 (PKC), 2019 U.S. Dist. LEXIS 142140, at *12 (E.D.N.Y. Aug. 21, 2019) (Your Honor discussing that even though plaintiffs' criminal charges were ultimately dismissed on a motion of the District Attorney's Office, the "Certificates of Disposition issued by the Kings County Criminal Court were sealed pursuant to New York Criminal Procedure Law § 160.50."). Accordingly, this office needs a properly executed § 160.50 release. Once plaintiff provides the release, defendant City needs time to request and obtain the documents related to the plaintiff's underlying arrest and criminal prosecution, evaluate the claims in his Complaint, and properly respond to the allegations therein. This brief enlargement of time will further enable this office to identify the John and Jane Doe officers referred to in plaintiff's Complaint, to interview them to confirm, if any, their involvement in plaintiff's incident, and makes representation decisions.

## C. The Court Should Compel Plaintiff to Provide the § 160.50 Release[3]

Based on information contained in plaintiff's Complaint, it is clear that the underlying arrest and criminal prosecution records are sealed pursuant to New York Criminal Procedure Law § 160.50. Accordingly, a § 160.50 release is therefore necessary in order to properly investigate and evaluate the plaintiff's claims and properly respond to the allegations therein, as well as in order to identify the John and Jane Doe police officer defendants and make appropriate representation decisions. Plaintiff's counsel refuses to provide the release *unless* defendant agrees to produce any documents obtained as a result of the release, *prior* to filing an answer or responding to his Complaint. A proper and fully executed § 160.50 release should not be conditioned on a requirement that the parties engage in pre-answer discovery, and plaintiff's position is not supported by the Federal Rules of Civil Procedure or common sense. Consistent with its obligations, defendant City will provide plaintiff with the documents received pursuant to any releases during the course of discovery in this action and, if appropriate, in accordance with its obligations under Rule 26.

As an initial matter, defendant City submits that district courts in this Circuit have consistently held that a plaintiff must produce a § 160.50 release prior to defendant's answer because plaintiff has implicitly waived any right to privacy provided under § 160.50 by filing an action challenging the underlying arrest and/or prosecution. See Green v. Montgomery, 219 F.3d 52, 57 (2d Cir. 2000) (confidentiality privilege waived when an [] defendant "commences a civil action and affirmatively places the information protected by CPL 160.50 into issue."). As such the City is entitled to a § 160.50 release in order to access and review its own sealed records and meaningfully respond to plaintiff's Complaint. See Basile v. City of New York, No. 17 Civ. 9060 (ER), 2019 U.S. Dist. LEXIS 162177, at *15 (S.D.N.Y. Sept. 19, 2019) ("[T]he City is entitled to review its own sealed records so that it may conduct the investigation required by Rule 11 prior to answering the Complaint."); see also Wilson v. New York City Police Dep't, No. 18 Civ. 5219 (LDH)(SJB), Dkt. 24, Order at p. 2 (E.D.N.Y. Nov. 20, 2018 ("The City's argument with respect to its need for a section 160.50 release is well founded . . . and, in the few cases in which plaintiffs have not provided such releases, the Court has ordered them to do so. Without an unsealing release, the City will be unable to access the records that it needs in order to craft a response to the complaint . . ."); Alsaidi v. City of New York, No. 12-cv-5771 (PKC), 2013 U.S. Dist. LEXIS 113305, at *7 n.4 (E.D.N.Y. Aug. 12, 2013) (Your Honor noting that an executed 160.50 release is a prerequisite for disclosing individual officers' identifying

---

[3] This is not the first time plaintiff's counsel has withheld producing a § 160.50 release where his client claimed to have been falsely arrested, or conditioned the production of such a release based on the parties sharing of unsealed documents pre-answer and pre-discovery. See Myers v. Moore, No. 13-cv-1006 (PGG)(BCM), Dkt. No. 5, Order to Show Cause (S.D.N.Y. Apr. 26, 2013) ("The argument made in Plaintiffs' April 22, 2013 letter that a release need not be provided for Plaintiff Kenya Myers--because she was never arrested--contradicts the complaint. See Cmplt., paragraph 25."); see, e.g., Clarke v. City of New York, No. 18-cv-7300 (ENV)(SJB), Dkt. Nos. 9-10. As such, the position undertaken by plaintiff's counsel is true to the idiom of making a mountain out of a molehill.

information, which plaintiff needed to provide). Indeed, when a plaintiff refuses to produce a 160.50 release, courts often dismiss the complaint. See Basile, 2019 U.S. Dist. LEXIS 162177, at *16-17 (dismissing plaintiff's claims against the City and police officer Winter based on plaintiff's continuous and purposeful refusal to provide a 160.50 release).

Moreover, contrary to plaintiff's counsel's enigmatic position, the production of a § 160.50 release is not considered discovery, and should be produced prior to defendant's answer and certainly not conditioned on sharing of any unsealed documents. See Foti v. City of New York, No. 09 Civ. 944 (GEL), 2009 U.S. Dist. LEXIS 36533, at *1-2 (S.D.N.Y. Apr. 30, 2009) ("[T]his Court routinely grants orders compelling plaintiff to sign [] [§ 160.50] releases and such orders do not constitute discovery that may only be conducted after issue is joined. The City is entitled to review its own documents to understand the facts and prepare an answer, and is prevented from doing so only by the sealing provisions of NYCPL § 160.50(1), which plaintiff has waived by filing this action. ***There is no requirement that the City agree to share any documents that are thus unsealed.***")(emphasis added); Cabble v. Rollieson, No. 04 Civ. 9413 (LTS), 2006 U.S. Dist. LEXIS 7385, at *28 (S.D.N.Y. Feb. 27, 2006) (holding that "the demand for the execution of Section 160.50 Releases is not discovery, and that the City is entitled to review its own sealed records so that it may conduct the investigation required by Rule 11 prior to answering the Complaint.").

Accordingly, defendant City respectfully requests (1) an enlargement of time from November 6, 2019 to January 6, 2020, for the City to answer or otherwise respond to plaintiff's Complaint, and (2) that plaintiff be compelled to produce a fully executed § 160.50 release to this Office within 5 days under the threat of sanction of dismissal.

Respectfully submitted,

Raju Sundaran
*Senior Counsel*

cc: **BY ECF**
Vikrant Pawar, Esq.
Pawar Law Group
Attorney for Plaintiff
20 Vesey Street, Suite 1210
New York, New York 10007