# PAWAR LAW GROUP P.C.

## ATTORNEYS AT LAW

20 VESEY STREET SUITE 1210
NEW YORK NEW YORK 10007

**Robert Blossner**
**Vik Pawar**

TEL (212) 571 0805
FAX (212) 571 0938

www.pawarlaw.nyc

October 29, 2019

**BY ECF**
The Honorable Pamela K. Chen

The Honorable Vera M. Scanlon

Re:     *Ira Heaston v. The City of New York, et al.*, 19 CV 5569 (PKC) (VMS)

Dear Judges Chen and Scanlon:

I represent the plaintiff in this action and specifically requested to file a separate letter because the City's counsel who happens to be in charge of supervising new attorneys has a habit of twisting the facts. His recent letter application, submitted on behalf of a new attorney, is no different.

First, as I explained to the new attorney Ms. Soo-Young Shin, Esq. (who is the only person I communciated with on this case) there was no action taken by the Criminal Court as plaintiff was released *before* he saw the judge and therefore § 160.50 does not apply. In fact, I informed her that the police records that the defendant allegedly needs to conduct their "Rule 11 obligations" are readily available and can be obtained by making a simple phone call to the precinct where plaintiff was taken to and his arrest processed.

Second, assuming that a § 160.50 release is indeed necessary, why should the City benefit from pre-answer discovery obtained through the Release and not share that information with the plaintiff? This point was made clear in *Diakel v. The City of New York*, 18 CV 7300 (ENV) (SJB). The Judge, based on similar arguments, denied the City's request for pre-answer discovery unless plaintiff obtained the same materials that the City obtained.

Third, curiously absent from the City's letter is any reference to *Hines et al., v. The City of New York, et al*, 18 CV 4678 (JBW) (VMS), wherein Judge Scanlon (the magistrate assigned to this case but mysteriously not addressed to in the City's letter) stated that the plaintiff may but does not have to provide a § 160.50 release prior to an answer.

The City's requests for enlargement of time to conduct a "Rule 11 investigation" is a farce. The City's answers in thousands of cases are simply boiler-plate. Plaintiff respectfully submits that January 6, 2020 is far too long of a time for the City to draft such a boiler-plate answer. <u>If the City needs this time so that Ms. Shin can get admitted to the EDNY, plaintiff has no objections</u>.

Otherwise, Plaintiff respectfully requests that the City be granted an extension until December 20, 2019 to file their answer and by the same time direct the City to ascertain the names of the John and Jane Doe defendants and turn that information over to the plaintiff so that the complaint may be amended and some allegations that were inadvertently placed in the complaint can be withdrawn.

Plaintiff submits that his position is consistent with Federal Rule of Civil Procedure 1 and avoids unnecessary and undue delay because of City's farcical excuses.

Thank you.

Respectfully,

/s
Vik Pawar (VP9101)

Cc: Mr. Raju Sundaran, Esq. (by ECF)
Senior Counsel

Ms. Soo-Young Shin, Esq. (by email)
Assistant Corporation Counsel