

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **RAJU SUNDARAN**<br>*Senior Counsel*<br>Telephone: 212-356-2327<br>Facsimile: 212-356-3509<br>Email: rsundara@law.nyc.gov |

November 25, 2019

VIA ECF
The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

              Re:    Ira Heaston v. Borris, Inc., et al.
                    19 CV 5569 (PKC)(VMS)

Your Honor:

       I am a Senior Counsel in the Special Federal Litigation Division of the office of the Corporation Counsel of the City of New York and one of the attorneys representing defendant City of New York ("City" or "defendant") in the above-referenced matter in which plaintiff allege, *inter alia*, that he was falsely arrested, maliciously prosecuted, and denied a right to a fair trial by New York City Police Officers. For the reasons set forth more fully below and pursuant to Your Honor's Individual Practices and Rules, defendant respectfully requests that the Court schedule a pre-motion conference as defendant anticipates moving for partial dismissal of plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), and to further request a stay of filing an answer and discovery schedule pending a decision on defendant's anticipated motion.

       Plaintiff's claim stem from an incident that occurred in Queens, New York. See Docket Entry ("D.E.") No. 7, First Amended Complaint ("FAC") ¶ 10. Specifically, plaintiff alleges that he entered into a two year residential lease with defendants Borris, Inc. ("Borris"), R.K.H.L., Inc. (RKHL), GMA Enterprises ("GMA"), Salim Blake, and Jane Blake ("private defendants") to lease a second floor apartment at 84-21 Chapin Parkway in Queens beginning January 15, 2019 and ending January 15, 2021. See id. ¶¶ 7, 10-11. Plaintiff claims that on April 9, 2019, after two prior lockout attempts by private defendants, he obtained a New York City Court Order "directing that [he] [] and his family be allowed to regain possession of the subject premises" and which also "directed the NYPD to assist plaintiff and restore their rights within the subject premises." See id. ¶¶ 13-15. Plaintiff further claims that on April 26, 2019, after a third lockout by private defendants, he called the police to gain access to the subject premises and report missing personal property. See id. ¶¶ 16-17. When officers from the 107th precinct arrived at the subject premises, they, notwithstanding plaintiff's narration of his bitter history with the private defendants and display of the NYC Court Order and lease, arrested him, transported him back to the precinct, and processed his arrest. See id. ¶¶ 17-21. Following his arrest processing, plaintiff

was transported to Central Booking where he was released after approximately 20 hours in custody of NYPD defendants, and subsequently all criminal charges were dismissed. See id. ¶¶ 21-23. As a result of the incident, plaintiff brings suit against the private defendants for racial discrimination under Section 1981 and against the City and NYPD defendants for false arrest, malicious prosecution, and denial of right to a fair trial under Section 1983. See id. ¶¶ 25-46. Plaintiff further asserts claims, under New York law, for malicious abuse of process, intentional and negligent infliction of emotional distress, negligent screening/hiring/retention, negligence, and liability against the City under the doctrine of *respondeat superior*. See id. ¶¶ 47-60.

### 1. Plaintiff Fails to State a Malicious Prosecution Claim

Plaintiff was not maliciously prosecuted under Section 1983. To establish a malicious prosecution claim under New York law, a plaintiff must plead and prove: (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding terminated favorably to that plaintiff; (3) that there was no probable cause to for the proceeding; and, finally, (4) that the proceeding was instituted with malice. Mitchell v. City of New York, 841 F.3d 72, 79 (2d Cir. 2016). In addition, a Section 1983 plaintiff must further plead and demonstrate that there was a sufficient post-arraignment liberty restraint to implicate his Fourth Amendment rights. Id. Here, plaintiff fails to state a viable claim for malicious prosecution because, according to him, he was released from Central Booking after 20 hours in police custody without ever seeing a judge. See D.E. No. 7, FAC ¶ 22. While in his haphazardly drafted complaint plaintiff appears to claim that a criminal court complaint was generated containing false charges and facts resulting in his "arraignment," "continued prosecution," and "repeated court appearances," see id. ¶¶ 38-41, 45, plaintiff has affirmatively stated, through is counsel, that "there was no action taken by the Criminal Court as plaintiff was released before he saw a judge." See D.E. No. 15, Plaintiff's Letter in Opposition to Defendant's Motion for an Extension of Time dated October 29, 2019 at p. 1, ¶ 2. Accordingly, because no criminal case was ever commenced against plaintiff, there can be no claim for malicious prosecution. Levy v. Alfano, 47 F. Supp. 2d 488, 496 (S.D.N.Y. 1999) (dismissing malicious prosecution claim where "[a] criminal proceeding was never instituted" and thus "no prosecution, malicious or otherwise").

### 2. Plaintiff Fails to State a Denial of Right to a Fair Trial Claim

Plaintiff was not denied his right to a fair trial maliciously prosecuted under Section 1983. The Second Circuit has found a right to a fair trial claim occurs when (1) an investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) plaintiff suffers a deprivation of liberty. Garnett v. Undercover Officer C0039, 838 F.3d 265, 278-79 (2d Cir. 2016). Here, plaintiff did not suffer any cognizable deprivation of liberty. He admits that he *never* saw a judge including for arraignment, makes no claim that bail was set or that his travel was restricted, cannot refute the fact that he made no subsequent court appearances, and further cannot refute that no criminal court affidavit was filed with the criminal court. See, e.g., Ross v. City of New York, No. 17-cv-3505 (PKC), 2019 U.S. Dist. LEXIS 169762, at *23-25 (E.D.N.Y. Sept. 30, 2019). Accordingly, plaintiff cannot demonstrate a deprivation of liberty; he fails to state a claim for denial of right to a fair trial. Daniel v. Orlando, No. 16-cv-1418 (PKC), 2019 U.S. Dist. LEXIS 69819, at *18-19 (E.D.N.Y. Apr. 24, 2019); see Lewis v. Brown, No. 15 Civ. 5084 (NRB), 2017 U.S. Dist. LEXIS 39688, at *18 (S.D.N.Y. Mar. 15, 2017) (to prevail on a right-to-a-fair-trial claim, the

investigating official had to forward information that is "both false *and likely to influence a jury's decision*.") (emphasis added).

### 3. Plaintiff's Failure To Comply With Conditions Precedent To Suit Warrants Dismissal Of His State Law Claims

Plaintiff's state-law claims of malicious abuse of process, intentional and negligent infliction of emotional distress, negligent screening/hiring/retention, negligence, and municipal liability under the theory of *respondeat superior* fails as a matter of law based on his failure to comply with New York's General Municipal Law §§ 50-h and 50-i.

New York General Municipal Law § 50-i(1)(b) requires that "it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice [of claim] and that adjustment or payment thereof has been neglected or refused . . . " N.Y. Gen. Mun. Law § 50-i(1)(b). The failure to comply with any condition in New York General Municipal Law § 50-i is grounds for dismissal of the action. Silberstein v. County of Westchester, 92 A.D. 867 (2d Dep't 1983), aff'd, 62 N.Y.2d 675 (1984). Here, plaintiff failed to allege in his complaint that he filed a notice of claim, that adjustment or payment has been neglected or refused, and that he waited at least 30 days since the service of it prior to filing his complaint. See D.E. No. 7, FAC, generally.

Moreover, a plaintiff's failure to submit to an examination under General Municipal Law § 50-h provides an additional basis for dismissal of his state law claims. "Compliance with a demand for a General Municipal Law § 50-h examination is a condition precedent to the commencement of an action against a municipal defendant, and the failure to so comply warrants dismissal of the action." Cardella v. Suffolk County Police Dept., 2019 N.Y. App. Div. LEXIS 7640, at *2-3 (2d Dep't Oct. 23, 2019). Here, plaintiff's failed to attend his 50-h examination; dismissal of his state law claims against defendant City is warranted.

With all state law claims dismissed pursuant to New York General Municipal Law §§ 50-h and 50-i, a theory of liability against defendant City under *respondeat superior* equally fails as a matter of law because where - as here - there is no surviving underlying theory of liability, a *respondeat superior* claim must be dismissed. Harsco Corp. v. Segui, 91 F.3d 337, 349 (2d Cir. 1996); see Rateau v. City of New York, No. 06-cv-4751 (KAM), 2009 U.S. Dist. LEXIS 90112, at *42-43 (E.D.N.Y. Sept. 29, 2009) (dismissing plaintiff's *respondeat superior* claim against the City based upon the dismissal of his state law claims against officers).

Accordingly, defendant respectfully requests that the Court schedule a pre-motion conference and briefing schedule as defendant anticipates moving for partial dismissal pursuant to Rule 12(b)(6), and further seek a stay of its Answer, currently due November 26, 2019 and any scheduling of discovery.

Respectfully submitted,

Raju Sundaran  
Senior Counsel