

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

JAMES E. JOHNSON
*Corporation Counsel*

RAJU SUNDARAN
Senior Counsel
Phone: (212) 356-2327
Fax: (212) 356-3509
rsundara@law.nyc.gov

July 17, 2020

**BY ECF**
Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   Ira Heaston v. City of New York, et al.
                19-CV-5569 (PKC)(VMS)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys representing defendants the City of New York ("City"), Detective Ramon Portillo ("Det. Portillo"), Police Officer Amanda Lorber f/k/a Amanda Murolo ("PO Lorber"), and Police Officer Joseph Essig ("PO Essig") in the above-referenced matter (collectively the "City defendants"). Defendants write to update the Court about an issue that was brought to their attention by a witness alleging that plaintiff had filed a fraudulent pleading. In the interest of judicial economy, time, and resources, City defendants believe that it would be prudent to resolve this issue before any further proceedings.

**Background**

      Plaintiff alleges that he entered into a lease to rent a second-floor apartment at 8421 Chapin Parkway, Queens, New York ("subject premises") for the time period commencing January 15, 2019 through January 15, 2021, and that he paid the required security deposit and monthly rent. *See* Dkt. No. 33, Second Amended Complaint, ¶¶ 10-12; *see also* Dkt. No. 7, Amended Complaint ¶¶ 10-12. According to plaintiff, the lease was entered into with defendants Boris Inc.[1], Salim Blake ("Blake"), "Jane" Blake, Borris Inc., RKHL Inc., and GMA Enterprises

---

[1] Plaintiff filed this instant lawsuit and the New York City Housing Court action against Boris, Inc., (with one "r") which does not exist in the New York State Division of Corporation website

(collectively, the "Private Defendants").[2] *See* Dkt. No. 7, Amended Complaint ¶¶ 7-8, 10; *see also* Dkt. No. 1, Complaint ¶¶ 7-8, 10. Plaintiff next alleges that he and his family were illegally locked out of the subject premises on two occasions which led him to seek intervention from the New York City Housing Court, and in doing so he obtained an order to regain entry into the premises. *See* Dkt. No. 33, Second Amended Complaint, ¶¶ 13-14. Plaintiff alleges that on April 26, 2019, while he and his family were present at the subject premises after being illegally locked out for a third time, plaintiff – and not his family - was falsely arrested, brought to the 107th Precinct for arrest processing, transported to Central Booking, held for approximately 20 hours in police custody until his release, and subsequently all criminal charges against him were "dismissed." *Id.* ¶¶ 16-23. Plaintiff brings claims against the City, Det. Portillo, PO Lorber, and PO Essig for false arrest under both Section 1983 and the doctrine of *respondeat superior. Id.* ¶¶ 33-47. Plaintiff reached a settlement with Borris Inc. and RKHL Inc. on March 9, 2020. *See* Dkt. No. 32. Notably, defendants Boris Inc., Salim Blake, "Jane" Blake, GMA Enterprises have never appeared in this case, nor has anyone appeared on behalf of these defendants.[3]

**<u>Non-Party Witness's Information Concerning Plaintiff's Fraud</u>**

On May 8, 2020, City defendants were contacted by non-party witness Margaret Kirkland, who claimed that plaintiff perpetrated a fraud on the City in commencing this instant action. Ms. Kirkland is the sister of the woman who was present with plaintiff at the time of his arrest. Ms. Kirkland contends that plaintiff has perpetrated a fraud against the City concerning this lawsuit by providing the following information:

- Plaintiff and Blake are lifelong friends and grew up in the same foster home and currently reside two doors down from where Ms. Kirkland lives;

---

as either an active or inactive corporation. Borris, Inc. (with two "r"s) was formed on April 20, 2017 as a registered domestic business corporation and is presently an active corporation. *See* New York State Division of Corporations Entity Information, Borris, Inc., accessed July 16, 2020.

[2] Defendants note that the original action was filed against Boris Inc., Salim Blake, and Jane Blake and the original Complaint alleged that a lease agreement was entered into with them. *See* Dkt. No. 1, Complaint ¶¶ 7-8, 10. The Amended Complaint then further named Borris Inc., RKHL Inc., GMA Enterprise as additional Private Defendants in addition to the original private defendants that the plaintiff entered into a lease agreement with. *See* Dkt. No. 7, Amended Complaint ¶¶ 7-8, 10.

[3] According to the docket, Boris Inc. and "Jane" Blake were both served with a copy of the summons and complaint upon Jose Rodas on October 5, 2019 at the very same subject premises that plaintiff allegedly rented and which is the subject of this instant lawsuit. *See* Dkt. No. 8, Attachments 1 and 2. Boris Inc. and "Jane" Blake, however, never appeared in this case. Interestingly enough, no Certificate of Service was ever filed for Salim Blake, who purportedly also resided at the same subject premises. *See* Dkt. No. 1, Complaint ¶¶ 7-8. No Certificate of Service was ever filed for GMA Enterprises either.

- Plaintiff and Blake devised a scheme in order to illegally gain access to the subject premises;

- Blake created a company called Boris Inc., which as discussed in footnote 1 does not exist;

- Plaintiff doctored a lease agreement and rent receipts pertaining to the subject premises which were then presented to New York City Housing Court in order to obtain a default judgment and an order of entry.

**Corroboration of Non-Party Witness's Information Concerning Plaintiff's Fraud**

City defendants have obtained plaintiff's file from New York City Housing Court concerning an illegal lockout in connection with the subject premises. A copy of the file from New York City Housing Court in annexed hereto as Exhibit A. The file demonstrates that plaintiff obtained a default judgment in New York City Housing Court by falsely representing that he effectuated service on respondent non-existent Boris Inc. As a result, plaintiff improperly obtained a default judgment and an order of entry. However, after plaintiff commenced this instant lawsuit, Borris Inc., the actual owner of the subject premises, became aware of the New York City Housing Court action and appeared in the case through private attorneys. Borris Inc. then filed an order to show cause to vacate the default judgement with affirmations and affidavits in support of the order. The filings corroborate the information provided by nonparty Margaret Kirkland namely that:

- Borris Inc. never entered into a lease with plaintiff;
- Plaintiff never lived at the subject premises;
- Borris Inc. never accepted the security deposit or rent from the plaintiff;
- Borris Inc. never heard of plaintiff or had any business dealings with him;
- At the time plaintiff's purported lease began the subject premises was vacant and was being shown to potential renters;
- There was a lease agreement with another tenant commencing April 5, 2019 to April 5, 2020, which overlaps with plaintiff's purported lease commencing January 15, 2019 through January 15, 2021.

**Conclusion**

City defendants believe that this information raises serious questions about the legitimacy of plaintiff's lawsuit and his independent obligations under Rule 11. City defendants informed plaintiff's counsel and Mr. Kadochnikov of the conversation with Ms. Kirkland and the information she provided. Additionally, City defendants have produced the Housing Court file to plaintiff's counsel and supplemented their initial disclosures to include Ms. Kirkland's contact information. Plaintiff's counsel does not agree with our position. Borris, Inc. and R.K.H.L. Inc. have no objection to the Court's inquiry into this issue and support this application.

In the interest of conserving judicial resources and time in this matter, City defendants believe that it would be prudent to hold an evidentiary hearing before Your Honor before

proceeding with any further discovery or motion practice in this matter so that Ms. Kirkland, a representative of Borris Inc., and plaintiff may testify regarding the issues raised. If the evidentiary hearing were to determine that plaintiff orchestrated a fraud on the Court and then initiated a lawsuit stemming from his April 26, 2019 arrest, then plaintiff would have violated Rule 11 by filing a complaint with the Court containing materially false representations, thus requiring a dismissal of this lawsuit.

Accordingly, City defendants respectfully request an evidentiary hearing as to the above-described information, or alternatively, a conference with Your Honor to discuss this issue in further detail.

Thank you for your consideration.

Respectfully submitted,

*Raju Sundaran*  /s/
Raju Sundaran
*Senior Counsel*

Soo-Young Shin
*Assistant Corporation Counsel*

cc: **BY ECF**
Vikrant Pawar, Esq.
Pawar Law Group
*Attorney for Plaintiff*
20 Vesey Street, Suite 1210
New York, New York 10007