UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IRA HEASTON,

                                                                           Plaintiff,          19-CV-5569 (PKC)(VMS)

                                                  -v-

THE CITY OF NEW YORK,
P.O. JOSEPH ESSIG,
DET. RAMON PORTILLO,
P.O. AMANDA LORBER f/k/a AMANDA MUROLO,

                                                      Defendants.
-------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION FOR RULE 11 SANCTIONS

Dated: South Hempstead, New York
       September 14, 2020

**GARNETT H. SULLIVAN, ESQ.**
Attorney for Plaintiff
IRA HEASTON
1080 Grand Avenue, Suite 200
South Hempstead, NY 11550
516.285.1575

To:    SOO-YOUNG SHIN, ESQ.
        Attorneys for Defendants
        New York City Law Department
        Special Federal Litigation Division
        100 Church Street
        New York, NY 10007

# TABLE OF CONTENTS

PRELIMINARY STATEMENT..................................................................................... 1

STATEMENT OF FACTS........................................................................................... 1

ARGUMENT ............................................................................................................. 2

    I. DEFENDANT'S MOTION FOR SANCTIONS SHOULD BE DENIED PURSUANT TO
RULE 11(C)(2)........................................................................................................... 2

    II. SUA SPONTE SANCTIONS BY THE COURT IS UNWARRANTED.............................. 2

CONCLUSION........................................................................................................... 4

## PRELIMINARY STATEMENT

This memorandum is being submitted in opposition to defendant's motion for the imposition of sanctions upon plaintiff, Ira Heaston pursuant to Fed. Rules of Civ. Proc. Rule 11.

The action was commenced October 2, 2019, less than one year ago, by attorney Vikrant Pawar on behalf of the plaintiff, and arises from allegations that plaintiff was arrested and imprisoned without probable cause by officers of the New York City Police Department on April 26, 2019.

Subsequent to the filing of the complaint, there were two amended complaints filed by plaintiff's prior counsel.

On July 17, 2020 defendant made a motion seeking an evidentiary hearing in regard to Rule 11 sanctions. On July 20, 2020 the Court directed an evidentiary hearing. A motion for sanctions was subsequently served by defendants.

On August 6, 2020 plaintiff's counsel made a motion to withdraw as counsel and the Court granted.

The undersigned attorney was retained on August 19, 2020 and on August 20, 2020 the Court and defense Counsel was informed of the retention of new counsel and of plaintiff's interest in dismissing his lawsuit.

In response to said correspondence the Court entered an order dated August 21, 2020 directing the parties to file a stipulation of dismissal by September 14, 2020.

On September 11, 2020 plaintiff filed a stipulation of dismissal.

## STATEMENT OF FACTS

The plaintiff relies on the annexed affidavit of plaintiff as his statement of pertinent facts.

ARGUMENT

I. DEFENDANT'S MOTION FOR SANCTIONS SHOULD BE DENIED PURSUANT TO RULE 11(C)(2)

Fed. Rule 11 (c)(2) provides that a motion for sanctions "must bot be filed or presented to the Court if the challenged papers, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the Court sets." The rule is intended as a safe harbor during which the challenged factual contentions can be withdrawn or corrected in order to avoid sanctions. *Hodges v. Yonkers Racing Corp.*, 48 F.3d 1320 (2d Cir., 1995); *Johnson v. Levy*, (E.D.N.Y., 2012; 10-cv-217).

The Court provided the plaintiff herein the benefit of the safe harbor in accordance with Rule 11(c)(2) by setting the date of September 14, 2020 as the date by which plaintiff could exercise the withdrawal option. Upon the advice of counsel plaintiff has withdrawn the action. Given plaintiff's withdrawal of the action, it is submitted that defendants are not permitted to pursue a motion for sanctions. Any such motion would be a flagrant violation of the safe harbor rule and therefore a frivolous motion.

Defendants have indicated that despite the plaintiff's agreeing to withdraw the lawsuit in accordance with the statutes safe harbor provision, they intend to pursue sanctions. Such motion is statutorily precluded.

II. SUA SPONTE SANCTIONS BY THE COURT IS UNWARRANTED

F.R.C.P. Rule 11(c)(1) authorizes the Court to impose sanctions upon a party who violates Rule 11(b). However, 11(b) refers to presentations by an attorney or an unrepresented party. Plaintiff is neither an attorney nor unrepresented party.

Furthermore Rule 11 (c)(5) provides that the Court may not impose monetary sanctions Sua Sponte except by the issuance of an order to show cause under Rule 11 (c)(3), and such order to show cause must have been issued prior to the voluntary dismissal of the claims by the party to be sanctioned.

To the knowledge of the undersigned attorney, so such order to show cause was issued by the Court prior to plaintiff's filing of the stipulation of dismissal on September 11, 2020.

In any event monetary sanctions is not warranted under the circumstances of this case. The

2

Second Circuit has warned that monetary sanctions should be imposed with caution and only when the challenged allegations are utterly lacking in support. *In re Highgates Equities Ltd.*, 279 F.3d 18, 81; *StreetEasy, Inc. v. Chertok*, 752 F.3d 298 (2nd Cir, 2014).

"Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986); *Mitchell v. Brooklyn Hospital Center*, [E.D.N.Y., Aug. 9, 2016; 14-cv-4359 (RRM)(LB)].

In order for a Court to impose Rule 11 Sanctions Sua Sponte the Court must fund that plaintiff's "claim lacked a colorable basis and that the claim was brought in bad faith" *NXIVM Corp. v. Foley*, [N.D.N.Y., Dec. 2, 2015; 14-cv-1375 (LEK)]; *Schlaifer Nace & Co. Inc. v. Estate of Warhol*, 194 F.3d 323 (2d Cir. 1999). A claim is entirely without color when it lacks any legal or factual basis. On the other hand, a claim is colorable when it has some factual or legal support. *Nemeroff v. Abelson*, 620 F. 2d 339, 348 (2d Cir. 1980); *Sierra Club v. United States Army Corp. of Eng'rs*, 776 F.2d 383, 390 (2d Cir. 1985).

Plaintiff's claim is essentially for false arrest. The essential allegations are that on April 26, 2019 he was arrested by defendants without probable cause and detained for 20 hours before the charges were dismissed or not pursued by the District Attorney.

Under New York Law, a claim for false arrest requires plaintiff to show (i) that the defendant intended to confine plaintiff, (ii) the plaintiff was conscious of the confinement (iii) plaintiff did not consent to the confinement, and the (iv) the confinement was not otherwise privileged. *Singer v. Fulton County Sherriff*, 63 F.3d 110 (2d Cir. 1195). A warrantless arrest is presumptively unlawful and the privilege to confine plaintiff would only exist if defendants were able to overcome the presumption of unlawfulness by establishing a privilege to confine plaintiff by demonstrating probable cause for the arrest. *Curry v. City of New York*, 316 F.3d 156, 162 (2d Cir. 2002).

Plaintiff was arrested for a crime which purportedly occurred on a date prior to his arrest. The factual basis of the arrest was unknown to plaintiff at the time of his arrest and the filing of the complaint. The decision of the District Attorney not to prosecute plaintiff after his arrest by defendants, though not determinative of probable cause, certainly suggest that the prosecutor did not believe there was probable cause for the plaintiff's arrest. The issue of whether there was probable cause for plaintiff's arrest remains a live issue, and probable cause is generally the crux of a false arrest claim.

Plaintiff's claim therefore had more than a colorable basis in fact and law. Defendant's memorandum relies heavily on the factual allegations regarding the Queens Civil Court Proceedings;

however, these Housing Court Proceedings are not before this Court and are not necessarily directly germane to plaintiff's false arrest claim.

Rule 11 sanctions applies only to assertions contained in papers filed or submitted to this Court and not to papers presented to the Queens Housing Court. *O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996)*. There is no evidence that plaintiff actually saw the complaint and amended complaint prior to the withdrawal f his attorney. None of the filed complaints were ever signed by plaintiff. The factual assertions regarding the lease, security deposits, and lockouts were in no way essential or necessary allegations for plaintiff's false arrest claim. The decision as to what factual allegations should be included in the complaint, was not made by the plaintiff but by his counsel.

Furthermore, and finally the Court cannot order payment of attorney's fee to defendant when acting Sua Sponte. When sanctions are authorized Sua Sponte, such sanctions are limited to non-monetary directives. *Nuwesra v. Merril Lynch, Fenner & Smith, Inc. 174 F.3d 87, 94-95 (2d Cir. 1999); Castro v. Mitchell, 727 F. Supp. 2d 302, 309 (S.D.N.Y., 2010)*. The plaintiff submits that the dismissal of plaintiff's claim is a sufficient curing.

## CONCLUSION

For all the foregoing reasons plaintiff urges the Court to deny defendant's motion for sanctions in its entirety.

Respectfully submitted,

Dated: South Hempstead, New York
September 14, 2020

/s/ *Garnett H. Sullivan*
**GARNETT H. SULLIVAN, ESQ.**
Attorney for Plaintiff
1080 Grand Avenue, Suite 200
South Hempstead, NY 11550
(516)285-1575

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IRA HEASTON,

                                            Plaintiff,

-against-

THE CITY OF NEW YORK,
P.O. JOSEPH ESSIG,
DET. RAMON PORTILLO,
P.O. AMANDA LORBER f/k/a AMANDA MUROLO,
                                            Defendants.
-------------------------------------------------------------------X

**PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO MOTION FOR SANCTIONS**

19-CV-5569 (PKC)(VMS)

STATE OF NEW YORK:
COUNTY OF NASSAU :

        IRA HEASTON, being duly sworn deposes and says:

1. I am the plaintiff in this action, and I submit this affirmation in opposition to defendant's motion for sanctions against me.

2. Subsequent to my arrest, which is the subject of this lawsuit I contacted an attorney about how to get my possessions or to make claims about my possessions which were contained in the premises where I was arrested.

3. I do not recall the name of the attorney. After I met with him regarding my claim for lost property, he suggested that I had a viable claim for false arrest.

4. The attorney then called attorney Vik Pawar and subsequently walked me to Mr. Parwar's office. I explained the circumstances of my arrest to Mr. Parwar, and he assured me that I had a good monetary claim for false arrest.

5. On or about august 3, 2020 I was contacted by attorney Pawar via text messaging. He advised me of the allegations that were being made by Margaret Kirkland.

6. Mr. Pawar advised me that I could dismiss the case, or he would withdraw as my attorney in the matter. I authorized Mr. Pawar to dismiss the action. However, he evidently opted to withdraw instead.

7. I then consulted with Mr. Sullivan and also authorized him to dismiss the lawsuit. He advised he would do so upon being retained. I retained the services of Garnett Sullivan, attorney at law on

or about August 19, 2020. I am informed that on August 20, 2020 Mr. Sullivan sent correspondence to the Court advising the Court of my desire to withdraw the lawsuit.

8. I had never seen any of the complaints filed with the Court until after Vik Pawar withdrew as my attorney and sent me copies of the case documents. I was not even aware that that the actual lawsuit had been filed.

9. Although I do not agree with many of the allegations being made against me, Mr. Sullivan in his capacity as attorney has advised me to exercise my Fifth Amendment Constitutional right to reman silent given the nature of the allegations.

10. Attached hereto is a copy of a letter I received from the Queens County District Attorney advising me of the dismissal of the charges brought against me by defendants prior to arraignment.

_____
IRA HEASTON

Sworn to before me
This 14th day of September 2020

_____
NOTARY PUBLIC

GARNETT H. SULLIVAN
Notary Public, State of New York
Reg. No. 02SU4833823
Qualified in Nassau County
Commission Expires Jan. 31, 2018



DISTRICT ATTORNEY QUEENS COUNTY
125-01 Queens Boulevard
Kew Gardens, New York 11415-1568
718-286-6000

Richard A. Brown
District Attorney

April 26, 2019

IRA HEASTON
147-31 SPRINGFIELD LANE
SPRINGFIELD GARDENS, NY 11413

Dear Mr. HEASTON:

Please be advised that a review of the records of the Queens County District Attorney's Office indicates that your arrest under arrest number: Q19615970, arrest date: 04/26/2019, was dismissed by this Office prior to Criminal Court arraignment.

This serves as a final disposition of this arrest number.

A sealing order has been or will be filed by this Office with the Division of Criminal Justice Services (DCJS) and the New York City Police Department.

You should confirm with DCJS that this record has been sealed by calling 1-800-262-DCJS or writing to:

    The New York State Division of Criminal Justice Services
    80 South Swan Street
    Albany, New York 12210
    Attention: Sealing Unit

Very truly yours,

KATERI GASPER
ASSISTANT DISTRICT ATTORNEY